[Cite as *Graham v. Mansfield Correctional Inst.*, 2010-Ohio-2657.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us


NATHAN A. GRAHAM

     Plaintiff

     v.

MANSFIELD CORRECTIONAL INSTITUTION

     Defendant
     Case No. 2009-08993

Judge Joseph T. Clark
Magistrate Matthew C. Rambo

## ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT


{¶ 1} On March 4, 2010, the court issued a decision granting plaintiff's motion for summary judgment on the issue of liability. On April 23, 2010, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B) on the issue of damages. On May 14, 2010, plaintiff filed a response. The motion is now before the court on a non-oral hearing pursuant to L.C.C.R. 4(D).

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party

against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also *Gilbert v. Summit County*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶ 4} Plaintiff is currently an inmate in the custody and control of defendant pursuant to R.C. 5120.16. In its March 4, 2010 decision, the court found defendant liable to plaintiff for the loss of what plaintiff described as exclusive commercial rights to "87 copyright protected photographs depicting various nude poses of two different models." Plaintiff allegedly obtained such rights in the settlement of a civil suit against a former business partner. The court further found that plaintiff is entitled to recover the potential commercial value of the photographs, to the extent that plaintiff can establish such a value.

{¶ 5} In support of its motion, defendant filed the affidavit of D. Butts, wherein he states:

{¶ 6} "1. I am currently employed as a full-time employee by the Ohio Department of Rehabilitation and Correction (DRC) as a Case Manager at [defendant] in Mansfield, Ohio.

{¶ 7} "2. I have personal knowledge, and I am competent to testify to the facts contained in this Affidavit.

{¶ 8} "* * *

{¶ 9} "4. When I was asked to make copies of [plaintiff's] original copies of the images in question, I personally viewed his original copies. [Plaintiff's] original copies of the images were not actual photographs, but merely color Xerox copies of the photographs on eight inch by eleven inch copy paper. There were approximately nine images on each of the nine pieces of paper. [Plaintiff's] original copies were not of high quality and the images depicted two young females in various nude poses.

{¶ 10} "5. After I made the black and white Xerox copies in question, [plaintiff] sent his original copies of the images out of the institution.

{¶ 11} "6. I personally copied the nine pages of black and white Xerox copies that are the subject of this lawsuit. Therefore, I have personal knowledge regarding the quality of the nine pages of black and white Xerox copies that are the subject of this lawsuit.

{¶ 12} "7. The quality of the nine pages of black and white Xerox copies in question was fair at best. And, in my opinion, the nine pages of black and white Xerox copies, which I copied and that are the subject of this lawsuit, were not the quality of photographs that one would expect to purchase in the commercial market."

{¶ 13} In response to defendant's motion, plaintiff filed his own affidavit wherein he states, in part, that the "photocopies lost by [defendant] were clear, sharp images reproduced from professional quality prints on 8 1/2" X 11" sheets of photo paper made from the original negatives."

{¶ 14} In *Kathleen Jo Ryan v. Aer Lingus* (1994), 878 F.Supp. 461, a professional photographer alleged that defendant lost 140 original color transparencies provided by plaintiff for prospective publication in defendant's travel brochure. The court found that a bailment relationship existed and that defendant did not exercise reasonable care in the handling of the bailed property.

{¶ 15} With regard to damages, the court determined that plaintiff was entitled to the market value of the transparencies. To establish such a value, the court relied heavily upon the testimony of experts and, to a lesser degree, plaintiff's testimony which was based upon her experience as a professional photographer for over 20 years. Plaintiff and her expert estimated the value of the photography at $1,500 per transparency. Defendant's expert testified that the transparencies did not have market value, but that if they did it would be roughly $250-$400 per transparency. Based upon this testimony and in consideration of such circumstantial evidence as royalties earned on similar transparencies, the court concluded that plaintiff was entitled to $300 per

transparency. In making such a determination, the court noted that plaintiff failed to present evidence of either established sale or use prices for the transparencies in question

{¶ 16} In this case, defendant asserts that the photocopies it lost have no market value beyond $0.45, the cost of the paper upon which they are printed. Plaintiff alleged in his complaint that the images in question were original photographs and that they had a market value in excess of $25,000. However, as noted above, plaintiff now admits that the images were indeed copies and not originals. Plaintiff did not provide the court with any evidence of the commercial value of such copies. He provided no expert affidavit testimony, and failed to establish any evidentiary basis for his opinion that the copies have any commercial value in excess of $0.45.

{¶ 17} Based upon the foregoing, the court finds that the only reasonable conclusion to be drawn from the evidence is that the images in question are photocopies of photographs and have a value of $0.45. Accordingly, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of plaintiff in the amount of $0.45. All other pending motions are DENIED as moot. Court costs are assessed against defendant. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
JOSEPH T. CLARK
Judge

cc:

Amy S. Brown
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Nathan A. Graham, #384-747
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio 44901-0788

MR/cmd
Filed May 28, 2010
To S.C. reporter June 9, 2010